UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO,<br><br>    *Plaintiff*,<br><br>    v.<br><br>**EUGENE HUDSON, JR.,** *et al.*,<br><br>    *Defendants*. | No. 1:18-cv-1230 (FYP) |

**ORDER**

This matter comes before the Court upon consideration of Defendant Eugene Hudson's Motion for Judgment on the Pleadings, *see* ECF No. 92, Plaintiff's Motion to Strike the same and for sanctions, *see* ECF No. 96, Defendant's Memorandum in Opposition to the Motion to Strike, *see* ECF No. 98, and Defendant's Cross-Motion for Sanctions, *see* ECF No. 99. For the reasons herein, the Court grants Plaintiff's Motion to Strike Defendant's Motion for Judgment on the Pleadings. In addition, the Court grants Plaintiff's request for sanctions and directs Plaintiff to file an affidavit of attorney's fees and costs incurred in responding to Defendant's Motion for Judgment on the Pleadings. The Court denies Defendant's Cross-Motion for Sanctions.

    I.    **Defendant's Motion for Judgment on the Pleadings**

Plaintiff filed this case on May 25, 2018. After years of litigation and extensive discovery, the parties attended a pre-motion conference on April 25, 2022. The parties agreed to a summary judgment briefing schedule.[1] At the pre-motion conference, the Court made clear

---

[1] Briefing on Plaintiff's Motion for Summary Judgment, *see* ECF No. 72, has now been completed.

that it would not allow Defendant to file a cross-motion for summary judgment, because he had not sought a pre-motion conference. *See* ECF No. 70 (Transcript of April 25 Hearing) at 21. When Defendant's counsel stated that she intended to file a separate motion to dismiss, *see id.* at 21–22, the Court determined that all remaining issues instead should be addressed in the briefing on Plaintiff's summary judgment motion. *See id.* at 25 ("All right. So I think, Ms. Morten, given that this is all related and it can be decided all within the summary judgment briefing, we should just do it all within the summary judgment briefing. . . . So let's just do [it] all within the summary judgment briefing. It will be more orderly.").

On July 20, 2022, Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Def. Mot. Although a Rule 12(c) motion bears some similarity to a Rule 12(b)(6) motion to dismiss for failure to state a claim, there are important differences between the two. *See Murphy v. Dep't of Air Force*, 326 F.R.D. 47, 48–50 (D.D.C. 2018).

> [U]nlike a Rule 12(b)(6) motion, a Rule 12(c) motion asks the court to render "a judgment on the merits . . . by looking at the substance of the pleadings and any judicially noted facts." *All. of Artists & Recording Cos., Inc. v. Gen. Motors Co.*, 162 F. Supp. 3d 8, 16 (D.D.C. 2016) (internal quotation marks and citation omitted). Thus, a Rule 12(c) motion requires the court to consider and decide the merits of the case, on the assumption that the pleadings demonstrate that there are no meaningful disputes as to the facts such that the complaint's claims are ripe to be resolved at this very early stage in the litigation.

*Id.* at 49. In short, a Rule 12(c) motion seeks to resolve a case on the merits — much like a motion for summary judgment. And indeed, upon a review of Defendant's 12(c) motion, the Court detects no argument that Defendant could not have made while briefing a summary judgment motion — if he had been permitted to submit one.

Thus, although Defendant is technically correct that a Rule 12(c) motion can be filed "[a]fter the pleadings are closed — but early enough not to delay trial," *see* Fed. R. Civ. P. 12(c), the point of such a motion is to "provide[] judicial resolution at an *early* stage of a case." *Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n v. Liberty Mar. Corp.*, 933 F.3d 751, 760 (D.C. Cir. 2019) (emphasis added). Here, we are not at an early stage of the case, and the Court ruled that Defendant would not be permitted to file a summary judgment motion because he did not follow the appropriate procedure set forth in the Court's Standing Order. Where the door of summary judgment is closed, Rule 12(c) does not open a window to obtain the same merits outcome. Moreover, the Court directed Defendant to raise any issues he wished to bring to the Court's attention in the briefing on Plaintiff's summary judgment motion. Under the circumstances, the Rule 12(c) motion was not properly filed; and it will be stricken.

## II.     Sanctions

The parties have filed cross-motions for sanctions arising out of Defendant's Rule 12(c) motion. *See* Pl.'s Mot. to Strike at 5–6; Def.'s Cross-Mot. for Sanctions.[2] The Court concludes that Plaintiff's motion for sanctions should be granted, and that Defendant's motion for sanctions should be denied.

28 U.S.C. § 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See* 28 U.S.C. § 1927. "To qualify as unreasonable and vexatious behavior, there must be evidence of

---

[2] Plaintiff's Motion for Sanctions is contained within its motion to strike Defendant's Rule 12(c) motion. *See* Pl.'s Mot. to Strike at 5–6. Technically, a Rule 11 "motion for sanctions must be made separately from any other motion." *See* Fed. R. Civ. P. 11(c)(2). Thus, to the extent that Plaintiff's request for sanctions is based on Rule 11, it is deficient. However, the Court agrees with Plaintiff that 28 U.S.C. § 1927, and the Court's inherent authority provide a sufficient basis for an award of sanctions.

recklessness, bad faith, or improper motive present in the attorney's conduct." *See Hall v. Dep't of Homeland Sec.*, 219 F. Supp. 3d 112, 119 (D.D.C. 2016) (cleaned up).

In addition to the authority granted by § 1927, the Court possesses "inherent authority to impose sanctions necessary to achieve the orderly and expeditious disposition of cases before it." *See id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–47 (1991)). "Actions that 'evince[] bad faith or an egregious disrespect for the Court or judicial process' may garner sanctions, including contempt citations, fines, awards of attorney fees, and such other orders and sanctions as the court finds necessary." *See id.* (alteration in original) (quoting *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013)).

The Court does not lightly award attorney's fees as a sanction. But the Court finds that Defendant's filing of a Rule 12(c) motion under the present circumstances has "multiplie[d] the proceedings in [this] case unreasonably and vexatiously," *see* 28 U.S.C. § 1927, and has demonstrated bad faith and disrespect for the Court's Scheduling Order and the judicial process. The Court plainly informed Defendant's counsel that she would not be permitted to file a motion for summary judgment or a motion to dismiss, and that she should brief any remaining issues in the context of litigating Plaintiff's motion for summary judgment. Defendant sought to evade the Court's ruling by filing the Rule 12(c) motion, which forced Plaintiff and the Court to expend time and resources to address that vexatious motion. Thus, under both § 1927 and the Court's inherent authority, the Court concludes that Defendant should be sanctioned and assessed the fees and costs incurred by Plaintiff in responding to Defendant's Rule 12(c) motion. The Court also concludes that Defendant's Cross-Motion for Sanctions is meritless and must be denied.

Accordingly, it is hereby

**ORDERED** that Defendant's Rule 12(c) Motion for Judgment on the Pleadings is stricken; and it is further

**ORDERED** that Plaintiff's Motion for Sanctions is granted, and that Defendant's counsel shall pay the attorney's fees and costs incurred by Plaintiff in responding to Defendant's Motion for Judgment on the Pleadings; and it is further

**ORDERED** that Defendant's Cross-Motion for Sanctions is denied; and it is further

**ORDERED** that Plaintiff submit an affidavit detailing the attorney's fees and costs incurred in responding to the Motion for Judgment on the Pleadings by September 2, 2022.

**SO ORDERED.**

FLORENCE Y. PAN
United States District Judge

Date:   August 4, 2022