**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, <br><br> Plaintiff, <br><br> vs. <br><br> EUGENE HUDSON, JR., an individual, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:18-cv-1230 - ACR |

## JOINT STATUS REPORT

Pursuant to this Court's Minute Order entered on February 4, 2026, Plaintiff American Federation of Government Employees, AFL-CIO ("AFGE") and Defendant Eugene Hudson, Jr. ("Hudson"), hereby state as follows.

On February 4, 2026, this Court held a telephonic hearing concerning the status of this matter. After the hearing, the Court issued a Minute Order requiring the parties to submit a Joint Status Report on or before March 20, 2026. Minute Order, 2/4/2026.

Pursuant to the Court's direction, the parties engaged in settlement discussions. However, the parties were unable to come to a settlement. In addition, the parties cannot come to an agreement on a proposed course of action. Accordingly, the parties submit the following separate statements.

*AFGE'S POSITION*

AFGE attempted to engage in settlement discussions per this Court's order. However, it appears that Mr. Hudson will not contemplate a settlement that involves any restriction on the

1

kind of AFGE membership that he may obtain. Indeed, he informed AFGE yesterday (3/19/2026) that he intends to run in the 2026 Regional Elections. As discussed during the February 4 hearing, there is very likely to be no lasting peace between the parties if Mr. Hudson continues to attempt to litigate his ability to obtain AFGE membership and/or AFGE office.

Given this situation and considering the years of litigation that transpired before the case was reassigned, AFGE proposes that the Court either (1) set a status conference to determine how to proceed or (2) enter an order reinstating the Motion for Summary Judgment (ECF 72) and associated briefing.[1] As this Court is aware, the affirmance of Judge Boasberg's order and verdict did not render this matter moot. The Motion for Summary Judgement was fully briefed and vigorously litigated in the Summer of 2022. (ECF 66 to 110). Since the matter has not been mooted, AFGE respectfully requests that the Court take under advisement its duly filed Motion for Summary Judgment. AFGE opposes any attempt by Hudson to reopen the dispositive motion deadline – that opportunity came and went in 2022.

### *MR. HUDSON'S POSITION*

Hudson agrees that the parties' positions are irreconcilable.  Hudson requests that any settlement agreement require AFGE's recognition of Hudson's membership, and AFGE has stated that is not willing to do so "under any circumstances".  If that is the case, then additional negotiations would not be useful.  If that is not the case, then Hudson is willing to consider court-ordered mediation.

On February 4, 2026, OLMS informed Hudson that its solicitors were working on Hudson's membership filing.

---

[1] AFGE is willing to resubmit its Statement of Material Facts Not In Dispute in the format set forth by the Court's standing order (which was not in effect in the Summer of 2022 when the filings were initially submitted).

Hudson does not believe that another status conference restating the same points would be a beneficial use of time. Nor does Hudson believe that treating a status conference as a makeshift mediation session is an appropriate use of judicial resources. Instead, Hudson asks the Court to reset the date for the filing of dispositive motions. The Court denied without prejudice AFGE's Motion for Summary Judgment on August 19, 2025. For AFGE to refile its motion to comply with the Court's scheduling order, the Court would have to modify the date for the filing of dispositive motions. Hudson is not opposed to AFGE refiling its motion but is opposed to AFGE refiling its motion without allowing Hudson to respond or file his own motion.

The Court stated that if another status conference is required, then it would require Hudson to appear in person. If the Court requires another status conference, then in the interests of impartiality Hudson would also request that AFGE's counsel and an AFGE official also be required to appear in person.

Dated: March 20, 2026

Respectfully submitted,

By: /s/Nury Siekkinen
**ZWILLGEN PLLC**
Nury A. Siekkinen (DC Bar ID No. 1028773)
1900 M Street NW, Suite 250
Washington, DC 20036
(202) 296-3585
nury@zwillgen.com

Counsel for Plaintiff

By: /s/ Harold C. Bone II
Harold Bone II
950 22nd Street North, Suite 709
Birmingham, AL 35203
Phone: (205) 458-8508
hbone@ecbfirm.com

Counsel for Defendant Eugene Hudson, Jr.

3